■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSO X. RUSS, Appellant.— Judgment of the Supreme Court, Queens County, rendered January 7, 1972, affirmed. No opinion. Gulotta, P. J., Latham, Cohalan and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: Defendant was indicted and convicted with a codefendant, after a jury trial, of the crimes of robbery in the first and second degrees and grand larceny in the third degree arising out of the holdup of an automobile dealership on December 11, 1970. At the trial, defendant took the stand in his own behalf and denied committing the crimes for which he was indicted. During cross-examination by the People, he was asked the following: "I'm sorry, Mr. Russ. Isn't it a fact Mr. Russ, that on December 15, four days after this incident, 1970, you were back at American Airlines area in the airport and you and him

(pointing to other defendant) and another man saw a man driving an Eldorado Cadillac and you followed him in your car and when he got to his home you forced him back \* \* \* You forced him back into his car and you personally pistol whipped him and you brought him, with that one and another one, back to the airport and you forced him out of his car and you took his ring and you took his wallet and you took his car and you, under their instructions shot him dead? Didn't you do that?" Defendant's response of "No, sir" was accompanied simultaneously by his counsel's objection and request to strike out the question. The trial court, without even ruling on the objection, charged the jury as follows: "Anything, as I stated before that these defendants may have done at any time in their life, has nothing to do with the case before you, and you cannot consider that with respect to the guilt or innocence of these defendants. You may consider that on the question of credibility or believability of the witness and for no other reason." The prosecutor's question in this close case constituted prejudicial and reversible error, since on this record it seems clear that the question had no probative value and was made without any "'reasonable basis in fact'" (People v. Alamo, 23 N Y 2d 630, 634) and with the sole intent to impress the jury that defendant had a propensity to commit the crime for which he was on trial. It is well settled in New York that a District Attorney cannot, under the guise of impeaching the defendant's credibility, suggest through his cross-examination of the defendant that the latter has a propensity to commit the crime charged (People v. McKinney, 24 N Y 2d 180; People v. Branch, 34 A D 2d 541). Moreover, the error was compounded by the aforenoted charge of the trial court, since the charge tended to give credence to the facts contained in the question. The trial court erred and prejudiced defendant by failing to sustain defense counsel's objection and to instruct the jury, as requested by both defense counsel, that they were not to infer the truth of any fact contained in the question and were to disregard the question in toto and erase it from their minds. Finally, the trial court committed reversible error in failing to suppress a Rotary Club card belonging to a victim of the robbery, which was found by the police in the course of a warrantless search of an automobile owned by the codefendant. The automobile had been brought in to a shop for repairs on December 23, 1970. The mechanic testified that he received information from GMAC on January 27, 1971 that it had repossessed the automobile and that the shop was to be its agent for storage purposes. The record further indicates that on February 1, 1971 the police arrived at the shop while investigating a homicide committed in mid-December, 1970, in which case defendant and his codefendant herein were considered as suspects, and asked if they could see the car. A detective testified that they had no warrant since "there wasn't any reason at that time to get one". The mechanic gave them permission and the resulting search produced the Rotary Club card. In my opinion, defendant had standing to object to the search of the codefendant's car, since the object of the search was clearly to recover evidence against the former .(People v. Stojek, 29 N Y 2d 798, revg. 34 A D 2d 205). Moreover, the warrantless search violated the Fourth Amendment's stricture relating to unreasonable searches and seizures. The People contend that the search can be sustained on the theory that the codefendant did not own the car at the time it was searched, and alternatively that the mechanic's consent obviated a warrant. I disagree. The record indicates that the codefendant's property rights in the car had not been extinguished, in view of the fact that he had at least retained the right to redeem the car at the time of the search (Uniform Commercial Code, §§ 9-504, 9-506). Regarding the mechanic's consent, it is clear that any authority on his part to enter the codefendant's car

was limited to the purposes of repair (see *Chapman* v. *United States*, 365 U. S. 610).